IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELA TAILY SALAZAR-MARTINEZ,

    Petitioner,

v.                                               No. 2:25-cv-00961-KG-KBM

TODD M. LYONS, et al.,

    Respondents.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Daniela Taily Salazar-Martinez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 17. The Court held a hearing on the petition on November 13, 2025. Doc. 22. For the reasons below, the Court grants Ms. Salazar's habeas petition and orders her immediate release.

*I.*    *Background*

    Ms. Salazar, a citizen of Mexico, first entered the United States in 2020 under a B-2 visitor visa. Doc. 17 at 2. On October 3, 2021, the Department of Homeland Security ("DHS") determined that Ms. Salazar overstayed her visa and used fraudulent documents to work and therefore removed her to Mexico. Doc. 17 at 2.

    Ms. Salazar reentered the United States on November 6, 2024, claiming fear of persecution if returned to Mexico. Doc. 1 at 8. On April 3, 2025, an Immigration Judge ("IJ") granted Ms. Salazar withholding of removal under 8 U.S.C. § 1231(b)(3) and deferral of removal to Mexico, finding that she would likely face persecution there. Doc. 1 at 9. Immigration and Customs Enforcement ("ICE") now holds Ms. Salazar at the Otero County Processing Center in Chaparral, New Mexico under 8 U.S.C. § 1231(a)(1)(B)(i). Doc. 1 at 3, 5.

1

In May 2025, ICE headquarters conducted a 180-day post-order review and decided to continue Ms. Salazar's detention. Doc. 21 at 6. In September 2025, ICE informed Ms. Salazar that it intends to remove her to a third country. Doc. 1 at 9.

Ms. Salazar filed this habeas petition on October 2, 2025, seeking immediate release. Doc. 1 at 15. Ms. Salazar argues that her prolonged detention violates 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment because her removal is not reasonably foreseeable. Doc. 1 at 15. The Government opposes the petition, arguing that Ms. Salazar's claim is barred by her failure to exhaust administrative remedies, and that she has failed to show that her removal is not reasonably foreseeable. Doc. 17 at 11. The Court held a hearing on the petition on November 13, 2025. Doc. 22.

II.     *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

III.     *Analysis*

For the reasons below, the Court (A) holds that exhaustion does not bar Ms. Salazar's habeas claim and (B) orders Ms. Salazar released because there is no significant likelihood that ICE will remove her in the reasonably foreseeable future.

A.     *Exhaustion does not bar Ms. Salazar's claims.*

The Court, first, rejects the Government's argument that Ms. Salazar failed to exhaust administrative remedies. *See* Doc. 17 at 11–14. A party may not seek federal judicial review until pursuing "relief…available from [the relevant] administrative agency." *Reiter v. Cooper*,

2

507 U.S. 258, 269 (1993).  "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," *Cantrall v. Chester*, 454 Fed. Appx 679, 681 (10th Cir. 2012), but there is a "narrow exception to the exhaustion requirement" where "a petitioner can demonstrate that exhaustion is futile."  *Garza v. Davis*, 596 F.3d 1198, 1203–04 (10th Cir. 2010).  Here, further administrative review by ICE would be futile because ICE headquarters already evaluated Ms. Salazar's custody and decided to continue her detention.  Doc. 21 at 5–6.  Exhaustion is therefore unnecessary, and judicial review is appropriate.

      B.     *Ms. Salazar's detention violates the Fifth Amendment.*

The Court, next, concludes that Ms. Salazar's detention violates due process.  "[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day "removal period," the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After that, the Government may continue detaining the noncitizen for as long as is "reasonably necessary" to secure their removal.  *Id.*; 8 U.S.C. § 1231(a)(6).

   Because a statute permitting "indefinite detention of" a noncitizen "would raise" Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen.  *Id.* at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future…shrink[s]."  *Id.*  The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025

3

WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, Ms. Salazar demonstrated that removal is not reasonably foreseeable. ICE has detained her for seven months since her removal order was finalized in April 2025, exceeding *Zadvydas*' six-month presumptively reasonable period. Doc. 21 at 7. An IJ granted her withholding of removal, which categorically bars her removal to Mexico, her country of citizenship. Doc. 1 at 10. Furthermore, ICE has not "identif[ied] any country that has agreed to accept her." Doc. 21 at 7. The burden thus shifts to the Government to show that removal in the foreseeable future is likely.

The Government fails to meet its burden, and its own evidence confirms that removal is not likely in the foreseeable future. ICE submitted repatriation requests to four countries, but Guatemala and the Dominican Republic denied the requests, and South Sudan and El Salvador have not responded. Doc. 17 at 4. The Government's requests have remained pending for over five months. Doc. 17 at 4. The Government has not provided the Court with a clear timeline or plan for removal and therefore failed to prove that removal is reasonably foreseeable.

At the evidentiary hearing, the Government argued that Ms. Salazar's removal remains foreseeable because several countries have not yet declined its repatriation requests. Draft Tr. at 7–8.[1] But the mere possibility of repatriation to third countries, without concrete progress, is insufficient to justify continued detention. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"),

---

[1] The Court's citation to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

4

*R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same); *see also Fermine v. Dir. of Immigr. & Customs*, 2007 WL 2284606, at *4 (W.D. La.) (finding no significant likelihood of removal in the reasonably foreseeable future where Trinidad had not yet refused ICE's repatriation request).  Here, ICE's pending requests to El Salvador and South Sudan have remained unanswered for over five months.  Doc. 17 at 4.  If these countries refuse to accept Ms. Salazar, the Government cannot identify which other countries may be available for repatriation or provide a timeline for additional requests.  Draft Tr. at 6–7.  Allowing the Government to exhaust all potential countries would effectively result in unconstitutional indefinite detention.

IV.  Conclusion

The Court grants Ms. Salazar's habeas petition, Doc. 1, and orders the Government to release Ms. Salazar from custody by November 19, 2025, at 5 p.m. MST under reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3).  The Court also orders the Government to file on the docket a declaration under 28 U.S.C. § 1746 affirming that Ms. Salazar was released in compliance with this Order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales  
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.